IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY GENE CLAYBURN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-06-262-HE |
| ) | |
| SAM CALBONE, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus[1] based on a challenge to the execution of his sentences for state court convictions. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss (MTD), alleging that Petitioner has failed to exhaust his state remedies. Petitioner has filed a reply and a supplemental reply[2] to the motion to dismiss, and the matter is at issue. For the reasons set forth below, it is recommended that the motion to dismiss be denied.

---

[1] As an initial matter, the undersigned notes that Petitioner is challenging the execution of his sentences rather than the fact of his convictions, and therefore the action has been construed as one under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) ( "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citations omitted).

[2] After replying to the motion to dismiss, Petitioner filed a "Motion for Leave to Supplement Response" [Doc. No. 12], further arguing that he has exhausted his state court remedies and alternatively, that requiring him to return to the Oklahoma courts to exhaust his claim would be futile. The undersigned has considered Petitioner's supplemental argument in conjunction with his initial reply, and it is therefore recommended that Petitioner's motion be granted and that the motion be considered as his supplemental reply.

Background/Petitioner's Claim

Petitioner is currently in the custody of the Oklahoma Department of Corrections (DOC), incarcerated at the Great Plains Correctional Facility (GPCF) serving multiple sentences based on his convictions of five separate offenses, as more fully discussed below. In this habeas petition, Petitioner does not challenge the validity of his convictions or sentences. Rather, in a single ground for habeas relief, Petitioner alleges that the DOC has refused to run certain of his sentences concurrently, thus violating his rights to due process and equal protection of the law under the Fifth and Fourteenth Amendments. He further alleges that his right to access the courts under the First and Fourteenth Amendments has been violated.[3]  Petition at 4.

The record shows that on August 22, 2001 Petitioner was convicted on his guilty pleas eantered in three separate cases in Love County District Court: Case No. CF-01-30 (tampering with anhydrous ammonia); Case No. CF-01-32 (theft of anhydrous ammonia); and Case No. CF-01-33 (unlawful possession of a controlled dangerous substance - methamphetamine). He was sentenced to 5 years imprisonment in Case No. CF-01-30; 5 years imprisonment in Case No. CF-01-32 to be served consecutively to the sentence in Case No. CF-01-30; and ten years imprisonment in Case No. CF-01-33 to be served consecutively to the sentence in Case No. CF-01-32.

Thereafter on September 26, 2001, Petitioner was convicted on his guilty pleas entered in two cases in Carter County District Court: Case No. CF-00-600 (manufacturing

---

[3]Petitioner's claim in this regard appears to be that the OCCA erred in finding that Petitioner failed to establish his entitlement to mandamus relief on the service of sentence issue raised before the district court in a petition for writ of mandamus. Petition at 4(B) and 4(C).

a controlled dangerous substance) and Case No. CF-00-705 (unlawful possession of a controlled dangerous substance with intent to distribute). He was sentenced to 20 years imprisonment in Case No. CF-00-600 and 5 years imprisonment in Case No. CF-00-705 to run consecutively to the sentence in Case No. CF-00-600.

The record further shows that amended Judgments and Sentences were filed in the three Love County cases amending the original Judgments and Sentences in these cases to state that the sentences handed down in each of these cases were to be served "concurrent with the sentences in Carter County Case No. CF-00-600 and CF-00-705."[4] Respondent's MTD, Ex. 3 at 2; *see also id.*, Ex. 4 at 2; Ex. 5 at 2.

According to Petitioner's Consolidated Record Card, he was received into the custody of DOC on November 7, 2001, and began serving his controlling sentence - the 10 year sentence in Love County Case No. CF-01-33. Respondent's MTD, Ex. 2. Petitioner paroled from this sentence on October 13, 2004, and was rebilled to the 5 year sentence in Love County Case No. CF-01-32. *Id.* Petitioner's current consolidated record card shows that upon completion of the sentence in Case No. CF-01-32, he is scheduled to begin serving the 20 year sentence in Carter County Case No. 00-600 followed by service of the 5 year sentence in Carter County Case No. 00-705. Respondent's MTD, Ex. 1.

In August of 2004, Petitioner filed a request to staff at GPCF, challenging the DOC's administration of his sentences. His request for relief was denied and he was advised to contact the DOC Sentence Administration office with any further questions. Petition, Ex.

---

[4]According to Petitioner, the amended Judgments and Sentences were the result of a Request for Judicial Review pursuant to Okla. Stat. tit. 22, § 982a, filed by his attorney.

E. By letter dated August 27, 2004, Jim Rabon, Administrator of DOC Sentence Administration and Offender Records, advised Petitioner that his sentences were being served consecutively according to state law. Petition, Ex. F. Petitioner sought further relief in the state courts as more fully discussed below.

In this action, Petitioner alleges that his constitutional rights are being violated because the DOC and GPCF are refusing to administer his Love County and Carter County sentences in accordance with the amended Judgments and Sentences filed in Love County District Court, thus extending his incarceration time by 15 years.

## Discussion

Respondent seeks dismissal of the petition, alleging that Petitioner has failed to exhaust his state court remedies. While § 2241 does not contain an express exhaustion requirement, the Tenth Circuit has held that exhaustion is generally required in actions arising under Section 2241. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ( ("A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'") (citation omitted). "The exhaustion doctrine requires a state prisoner to 'fairly present[]' his or her claims to the state courts before a federal court will examine them." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). In this circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted). Even when a

claim has not been presented in state court, exhaustion is unnecessary when it would be futile. *See Wallace v. Cody*, 951 F.2d 1170, 1171 (10th Cir. 1991).

The record indicates that on or about October 3, 2005, Petitioner filed in the Love County District Court an application for writ of mandamus, requesting that the district court order the DOC and GPCF to "properly execute" his sentences pursuant to the amended Judgments and Sentences filed in the Love County District Court. *See* Petition, Ex. J at 3 (Petitioner's Petition for Writ of Mandamus filed in the OCCA).[5] On December 15, 2005, the state district court entered a summary order denying mandamus relief. Petition, Ex. I. Petitioner appealed that decision to the OCCA, and on February 28, 2006, the OCCA entered an order affirming the denial of mandamus relief. Petition, Ex. K (*Clayburn v. Scaggs*, Case No. MA-2006-3). In its order, the OCCA described the sentence administration issue raised by Petitioner and, noting that he had failed to provide the Court with a copy of an "Amended Order indicating that Petitioner's judgments and sentences have been modified," the Court held that Petitioner had not met his burden in showing that he was entitled to mandamus relief. *Id.* at 3.

Respondent asserts that by failing to provide the appellate court with documentary evidence in support of his claim, Petitioner has failed to give that court a full and fair opportunity to resolve his constitutional claim, therefore, the claim is unexhausted.

---

[5] Petitioner states that he first filed in the Love County District Court a request for a nun pro tunc order asking that the court direct the court clerk to "correct" the amended Judgments and Sentences in his Love County cases to reflect that those judgments ordering concurrent service of sentences with the Carter County cases were entered on November 8, 2001, rather than August 22, 2001. Petition at 4(A) and Ex. G. Petitioner alleges that after his request was summarily denied on May 5, 2005, *see* Petition, Ex. H, he pursued the mandamus action. Petition at 4(B).

Moreover, Respondent contends Petitioner has another available avenue of relief in that he can raise a claim of the failure of his plea bargain through a post-conviction petition.

In response to the motion to dismiss, Petitioner contends that he has fully exhausted his administrative and state court remedies. Petitioner's Reply at 2. Petitioner contends also that "any requirement for the Petitioner to go back to the Oklahoma state courts would be futile due to zealous application of state procedural bars to subsequent efforts to appeal the same issue(s)." Petitioner's Supplemental Reply [Doc. No. 12] at 3.

The undersigned finds that Petitioner has exhausted his state remedies. As set forth above, Petitioner availed himself of an available state remedy by filing an application for a writ of mandamus. *See* Okla. Stat. tit. 12, § 1451.[6] Following the denial of mandamus relief in the state district court, Petitioner appealed, and the state appellate court exercised its jurisdiction over the matter and affirmed the district court's decision. *See* Rule 10.1, Rules of the OCCA, Okla. Stat. tit. 22, Ch. 18, App. (providing that the OCCA may review applications for extraordinary writs including writs of mandamus, prohibition, and habeas corpus if the applicant has been denied relief in the state district court).

Respondent's contention that post-conviction relief pursuant to Okla. Stat. tit. 22, § 1080 *et seq.* is available to redress the issue raised in the petition is without merit. Petitioner makes clear that he is not challenging the validity of the guilty pleas he entered

---

[6] As stated by the OCCA in its order, under Oklahoma law, mandamus relief is available if a petitioner can show (1) a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. Petition, Ex. K at 3 citing OCCA Rule 10.6(B)(2006) and *Woolen v. Coffman*, 676 P.2d 1375, 1377 (Okla. Crim. App. 1984)).

in his state court convictions, Petitioner's Supplemental Reply at 2; rather, he claims that the DOC is improperly administering his sentences. Such claim could not be raised under Oklahoma's statutory post-conviction procedure which provides for collateral relief from a state court conviction. Thus, the undersigned finds that Respondent's exhaustion theory is without merit, and it is recommended that Respondent's motion to dismiss for failure to exhaust state court remedies be denied.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss for failure to exhaust [Doc. No. 10] be denied. If this Report and Recommendation is adopted, the matter should be re-referred to the undersigned for further proceedings. It is also recommended that Petitioner's "Motion for Leave to Supplement Response" [Doc. No. 12] be granted and the motion itself should be considered Petitioner's supplemental reply to the motion to dismiss. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 30th day of January, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir.

1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 10th day of January, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE