## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BILLY GENE CLAYBURN,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　)
　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)　　　**Case No. CIV-06-262-HE**
　　　　　　　　　　　　　　　)
SAM CALBONE, Warden,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　)

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on a challenge to the execution of his sentences for state court convictions.[1]  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Respondent has filed a response to the petition, and Petitioner has filed a reply.  Thus, the matter is at issue.  For the reasons set forth below, it is recommended that the petition be denied.

Background/Petitioner's Claim

Petitioner is an Oklahoma prisoner serving multiple sentences based on his convictions of five separate offenses, as more fully discussed below.  In a single ground for habeas relief, Petitioner complains that he is "being denied due process and equal protection

---

[1]Although Petitioner filed this action on a form petition pursuant to 28 U.S.C. § 2254, he is challenging the execution of his sentences and therefore, the action has been construed as one under 28 U.S.C. § 2241.  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997).

of laws by Respondent's arbitrary refusal to abide by Love County's amended J & S's of 11-01-01. . . ."[2]  Petition, p. 4.

The record reflects the following relevant facts.  On August 22, 2001, Petitioner was convicted and sentenced on his guilty pleas entered in three separate cases in Love County District Court: Case No. CF-01-30 (tampering with anhydrous ammonia); Case No. CF-01-32 (theft of anhydrous ammonia); and Case No. CF-01-33 (unlawful possession of a controlled dangerous substance - methamphetamine).  He received a sentence of five years imprisonment in Case No. CF-01-30; five years imprisonment in Case No. CF-01-32 to be served consecutively to the sentence in Case No. CF-01-30; and ten years imprisonment in Case No. CF-01-33 to be served consecutively to the sentence in Case No. CF-01-32. Response, Ex. 6, p. 1; Ex. 4, p. 8; and Ex. 5, p. 3.

Thereafter, on September 26, 2001, Petitioner was convicted and sentenced on his guilty pleas entered in two cases in Carter County District Court: Case No. CF-00-600 (manufacturing a controlled dangerous substance) and Case No. CF-00-705 (unlawful possession of a controlled dangerous substance with intent to distribute).  He was sentenced to twenty years imprisonment in Case No. CF-00-600 and five years imprisonment in Case No. CF-00-705 to run consecutively to the sentence in Case No. CF-00-600.  Response, Ex.

---

[2]In the paragraph reciting facts which support this claim, Petitioner has inserted a statement that he is being denied "access to the courts under the 1st and 14th Amendments" apparently based on the OCCA's denial of his petition for writ of mandamus.  Petition, pp. 4B, 4C.  The undersigned has not construed such statement to raise a separate claim for habeas relief based on a denial of access to the courts.

7, pp. 1 and 2.  There is no reference in the Carter County judgment and sentences to the Love County sentences.

Petitioner states that his attorney then filed a request for judicial review in Love County District Court, pursuant to Okla. Stat. tit. 22, § 982a.[3]  Petition p. 4A.  The trial court "granted the request," *id.*, and amended Judgments and Sentences in the three Love County cases were filed on November 1, 2001, ordering that the sentence in each of these cases be served "concurrent with the sentences in Carter County Case No. CF-00-600 and CF-00-705."  Response, Ex. 4, p. 2; Ex. 5, p. 2 and Ex. 6, p. 2.

Petitioner's first Consolidated Record Card shows that he was received into the custody of DOC on November 7, 2001, and began serving the ten-year sentence in Love County Case No. CF-01-33, which is identified as his "controlling" sentence.  Response, Ex. 3.  Petitioner's second Consolidated Record Card shows that Petitioner paroled from this sentence on October 13, 2004, and was rebilled to the five-year sentence in Love County Case No. CF-01-32.  Response, Ex. 1.  Petitioner's third Consolidated Record Card shows that upon completion of the sentence in Case No. CF-01-32 on June 17, 2006, he was rebilled to the twenty-year sentence in Carter County Case No. 00-600, which he is currently serving and which will be followed by service of the five year sentence in Carter County Case No. 00-705.  Response, Ex. 2.

---

[3]Section 982a provides that for a period of 12 months after a sentence is imposed or probation has been revoked, the trial court which imposed the sentence or revocation of probation can modify the sentence or revocation, except with respect to a convicted felon who has been in confinement in state prison for a previous felony conviction during the preceding 10 years.  Okla. Stat. tit. 22, § 982a(A). *See also Dowdy v. Caswell*, 43 P.3d 412 (Okla. Crim. App. 2002).

In August of 2004, Petitioner filed a request to staff at Great Plains Correctional Facility ("GPCF"), challenging the DOC's administration of his sentences. His request for relief was denied and he was advised to contact the DOC Sentence Administration office with any further questions. Petition, p. 4A and Ex. E. By letter dated August 27, 2004, Jim Rabon, Administrator of DOC Sentence Administration and Offender Records, advised Petitioner that his sentences were being served according to state law. Petition, Ex. F; Response, Ex. 9.[4]

Because Petitioner apparently believed the Love County court clerk had put the wrong date on the amended judgment and sentences, on February 10, 2005, he submitted a request for a nunc pro tunc order "directing the clerk to correct the erroneous dates." Petition p. 4A-4B. In support of this request, Petitioner argued that the Love County amended judgment and sentences should reflect an effective date of November 1, 2001, rather than the August 22, 2001 date of the original judgment and sentences. Petition, Ex. G. Petitioner argued

---

[4]Mr. Rabon explained the service of Petitioner's sentences as follows:

Oklahoma state law provides that all sentences are to be served consecutively unless specifically ordered to run concurrent by the sentencing judge or revoking authority (Governor). Additionally, a sentence cannot be ordered to be served concurrent to a sentence that does not yet exist. In your case, the sentences rendered in Love County on August 22, 2001, could not be concurrent to the Carter County cases because they were not adjudicated until September 26, 2001. The Carter County judge determined the sequence of your sentences when he did not order that the Carter County sentences be served concurrent to the Love County sentences. Your contention that the Love County Court Clerk made a clerical error is incorrect. The November 1, 2001, amendment to your Love County Judgment and Sentences correctly modifies the sentences as of the original sentencing date of August 22, 2001. You are serving your sentences consecutively according to state law.

Petition, Ex. F; Response, Ex. 9.

further that the nunc pro tunc order was necessary because the DOC and prison officials had "explained to [him] that it is unlawful for Love County to run its (3) sentences concurrent (cc) with Carter County *before* [Petitioner] had received his Carter County sentences." Petition, Ex. G., p. 2.[5]  The Love County sentencing judge summarily denied Petitioner's request.  Petition, Ex. H.

Thereafter, on May 23, 2005, Petitioner filed an application for writ of mandamus in the Love County District Court,  requesting that the district court order the DOC and GPCF to "properly execute" his sentences pursuant to the amended Judgments and Sentences filed in the Love County District Court.  *See* Petition, Ex. J, p. 3 (Petition for Writ of Mandamus filed in the Oklahoma Court of Criminal Appeals ("OCCA")); *see also* Response, Ex. 12 (OCCA Order Affirming Denial of Request for Writ of Mandamus).  In an order dated December 13, 2005, the Love County District Court summarily denied mandamus relief. Response, Ex. 11.  Petitioner appealed that decision and on February 28, 2006, the OCCA affirmed the denial of mandamus relief on the ground that Petitioner had not demonstrated a clear legal right to relief.  Response, Ex. 12. (*Clayburn v. Scaggs*, Case No. MA-2006-3).

In this habeas action Petitioner contends that his incarceration time has been extended by fifteen years because of the DOC and prison officials' refusal to administer his Love County and Carter County sentences concurrently in accordance with the Love County amended judgments and sentences.

---

[5]In response to this argument from Petitioner, Mr. Rabon explained that the amended judgment and sentences correctly reflected the date of the original judgment and sentences.

<u>Discussion</u>

I. <u>Procedural Bar</u>

Respondent contends that Petitioner's habeas claim regarding the sequence of his sentences is procedurally barred from habeas review.  According to Respondent, Petitioner failed to comply with the procedural requirements of the OCCA in appealing the state district court's denial of mandamus relief, and for this reason, the OCCA declined to decide the issue on the merits, thus precluding this Court's review of Petitioner's claim.  Response, pp. 4-6 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  The undersigned disagrees.

Respondent asserts specifically that Petitioner "defaulted" his claim by failing to comply with the OCCA rules that require the attachment of certified copies of the record necessary to adjudicate the claim before the Court.  Response, p. 5.  However, Respondent recognizes that the OCCA did not cite the procedural rules relied on by Respondent.  *Id.* Rather, the OCCA exercised its jurisdiction over the matter, set forth Petitioner's claim, and found that he had not met the substantive requirements for mandamus relief.  Specifically, the OCCA found that although Petitioner had filed copies of several relevant documents to support his mandamus petition, he had failed to provide the Court with a copy of an "Amended Order from Love County which Petitioner alleges modified his judgment and sentences in Case Nos. CF-2001-30, CF-2001-32 and CF-2001-33 from Love County." Petition, Ex. K, p. 2.  The OCCA then concluded that "[b]ased on the record provided to this Court in this matter, Petitioner has failed to show that he is entitled to the relief requested." *Id.*, p. 3.  Therefore, the OCCA affirmed the district court's decision.  The undersigned finds

6

that the state court did not default Petitioner's claim for non-compliance with a state procedural rule, and this action should not be dismissed as procedurally barred.

## II. Merits of Petitioner's Claim

Respondent also contends that the petition should be denied because the claim raised by Petitioner involves only a matter of state law not cognizable on federal habeas review. To be entitled to habeas relief under 28 U.S.C. § 2241, a state prisoner must show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Petitioner alleges that prison officials and the state courts have violated his rights to due process and equal protection, he does so only in conclusory terms.[6] A pro se litigant's pleadings should be liberally construed, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); however, the courts should not "assume the role of advocate for the pro se litigant." *Id.* Petitioner's "bare assertion that he has been denied due process, without any explanation of the legal basis for the claim," does not state a cognizable habeas claim. *Denny v. Roberts*, No. 06-3269, 2006 WL 2774946, *2 (10th Cir. Sept. 28, 2006) (unpublished decision).[7] Thus, the undersigned finds that on the existing record Petitioner has failed to articulate the violation of a federal constitutional right, as a habeas petitioner must.

---

[6]Likewise, in his petition for mandamus to the OCCA, while Petitioner interposed the legal terms of "due process" and "equal protection," he framed his argument as a state law issue. *Compare* Petition, Ex. K, p. 4, ¶13 *with* pp. 5-6.

[7]This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

Thus, the undersigned agrees with Respondent that Petitioner has presented this court with what amounts to a challenge to the DOC's interpretation of state law. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See also Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) ("[F]ederal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation . . .").

Petitioner's Consolidated Record Cards show that he was received into DOC custody first upon his Love County sentences, and he served those sentences consecutively as ordered by the sentencing judge. Petitioner is now serving the Carter County consecutive sentences. *See Fields v. Driesel*, 941 P.2d 1000, 1005 (Okla. Crim. App. 1997) ("The authority of the executive branch, for our purposes, the Department of Corrections, to administer sentences is well established by case law and state statute."). Because the undersigned finds that Petitioner has failed to raise a claim of constitutional dimension, it is not necessary for this Court to determine the effect of the amended Judgment and Sentences in the Love County cases on the service of his sentences.

Additionally, to the extent Petitioner also alleges that the OCCA erred in denying his request for mandamus relief and requests that this Court review the decision of that court, he fails to state a cognizable claim. Federal courts do not sit as "super-appellate" courts to

reconsider state court decisions.  *See Harris v. Department of Corrections*, 426 F. Supp. 350,

351 (W.D. Okla. 1977) (federal court does not "serve as an appellate or reviewing court for

alleged illegal actions in state court");  *Robinson v. State of Oklahoma*, 404 F.Supp. 1168,

1170 (W.D. Okla. 1975) ("Habeas corpus in the federal court does not serve as an additional

appeal from state court conviction.").  *See also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th

Cir. 1998) (finding that although petitioner, who challenged the state courts' interpretation

of an Oklahoma statute relating to post-conviction review, was in a "judicially created 'Catch

22,' the dilemma is not one [the federal court] can reach through the limited access provided

by our jurisdiction") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).[8]

In sum, the undersigned finds that Petitioner has failed to show that he is entitled to

federal habeas relief pursuant to 28 U.S.C. § 2241.[9]

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that

the petition for a writ of habeas corpus be denied.  Petitioner is advised of his right to file an

---

[8]Respondent states, without further explanation or citation to authority, that "Petitioner can correct this problem, if it is one, by seeking relief in Carter County by having those later sentences amended to run concurrent with the earlier sentences in Love County or by seeking relief in Love County by attacking those sentences instead of challenging the administration of the sequencing of the sentences in the DOC by writ of mandamus."  Response, pp. 8-9.

[9]The undersigned notes that to the extent Petitioner's claim could be construed as alleging that his pleas were not knowing and voluntary, and therefore should be subject to withdrawal, such claim would challenge the validity of Petitioner's convictions, and would be subject to review under 28 U.S.C. § 2254.  Petitioner, however, does not allege that his pleas should be withdrawn, but only that his sentences should be executed in accordance with his interpretation of the sequencing of his sentences.  *See also* 28 U.S.C. § 2254(b)(1) (exhaustion required before filing 28 U.S.C. § 2254).

objection to this Report and Recommendation with the Clerk of this Court by the 19th day of November, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of October, 2008.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE